IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SARA SUMRALL, )<br>)<br>Plaintiff(s), )<br>vs. )<br>)<br>ORIGINAL BREAD, INC., )<br>)<br>Defendant(s). ) | No. 12-01281-CV-W-DGK |

## ORDER REGARDING DISCOVERY

Plaintiff Sarah Sumrall alleges that on September 3, 2010, an umbrella at Defendant Original Bread, Inc., d/b/a Panera Bread, located at 1305 NE Douglas in Lee's Summit, Missouri, fell and injured her. Plaintiff now sues Defendant for negligence and recklessness. Pending before the Court is a discovery dispute between the parties. After receiving written memorandums from each party, the Court conducted a telephone conference with Plaintiff's counsel Laurie Del Percio and Defendant's counsel Ryan Karaim on March 22, 2013 at 9:00 a.m., during which it heard arguments from the parties.

The parties' first dispute concerns Defendant's refusal to answer Plaintiff's request for production of documents Nos. 16 and 17. These two requests seek employment handbooks and training materials provided to Defendant's employees. Request 16 seeks production of "any and all training manuals/employee handbooks provided to employees/agents of the Panera Restaurant located at 1305 NE Douglas, Lee's Summit, Missouri in effect on September 3, 2010." Request 17 seeks production of "any and all training manuals/employee handbooks provided to employees/agents of the Panera Restaurant located at 1305 NE Douglas, Lee's Summit, Missouri currently in effect."

Plaintiff maintains such information is reasonably calculated to lead to the discovery of admissible evidence because "it may contain evidence regarding hours, rules violated, workload, changes in responsibility, goals and objectives, which could be used to explain why the safety pin was not inserted in the umbrella located at the table where Plaintiff was dining when she was injured." Defendant objects to the request as vague, ambiguous, overbroad, and overly burdensome because the handbooks will address numerous topics that are irrelevant to the issues involved in the litigation. Furthermore, Defendant notes that its managers on duty at the time of the incident gave deposition testimony that Defendant had no training materials or other documents related to umbrella maintenance, inspections, or safety.

The Court finds that Plaintiff's request for production of documents No. 16 is reasonably calculated to lead to the discovery of admissible evidence. Although the training materials may not contain umbrella-specific safety information, such materials may provide information about general premise safety and inspection that is relevant to Plaintiff's claims. However, given the potential that these manuals may contain sensitive company information, the Court orders that Defendant produce them subject to a Protective Order between the parties. The Court denies Plaintiff's request for production of document No. 17.

The next dispute concerns Defendant's objection to Plaintiff's request for production of documents Nos. 23 and 25. These two requests seek the production of incident reports involving alleged injuries due to umbrellas at all Panera restaurants. Request 23 seeks production of "any and all incident reports involving alleged injuries due to umbrellas at any Panera Restaurant location from September 3, 2000, up through and including September 3, 2010." Request 25 seeks production of "any and all incident reports involving alleged injuries due to umbrellas at any Panera Restaurant from September 4, 2010 to present."

Plaintiff maintains such information is relevant to her claims of vicarious liability and independent negligence and to establish constructive or actual notice. Defendant objects to the request as vague, ambiguous, overbroad, and overly burdensome because the requests seek information from all 1,618 Panera restaurants country-wide and not the 34 restaurants operated by Defendant Original Bread. Defendant also objects to the relevance of incident reports for the two-and-half years after Plaintiff's accident.

During the discovery teleconference, Defendant proposed a compromise to request No. 23, which Plaintiff accepted. Defendant agreed to produce all incident reports involving alleged injuries due to umbrellas at all Original Bread's 34 locations from September 3, 2007 through September 3, 2010. The Court denies Plaintiff's request for production of document No. 25.

Finally, Plaintiff objects to Defendant's Interrogatory No. 13(a) which asks Plaintiff to "[s]tate whether you have any recital or statement from this party, or any of its employees, agents, or representatives, whether it be in writing, reduced to writing, stenotype, recorded or otherwise, and if so, please attach a copy." Plaintiff maintains that the interrogatory seeks information and materials protected by work product doctrine because it seeks a schematic of the attorney's investigative process. Defendant argues that because the statement of a former employee can be binding on the party under Fed. R. Civ. P. 80(d)(2)(D), it is entitled to know if such statements exist.

In objecting to Interrogatory No. 13(a), Plaintiff cites *Smith v. Kansas City S. Ry. Co.*, 87 S.W.3d 266. 272-275 (Mo. Ct. App. 2002) and *State ex rel. Atchison Topeka & Santa Fe. Ry. Co. v. O'Malley*, 898 S.W.2d 550, 552 (Mo. 1995) for the proposition that she be allowed to conduct *ex parte* interviews with Defendant's former employees without disclosing the identities of those individuals or any information obtained from them.[1] While Plaintiff correctly asserts that *ex parte*

---

[1] The Court has original jurisdiction over this case pursuant to its diversity jurisdiction and the litigation turns on a substantive question of state law, thus state law supplies the rule of decision. Fed. R. Evid. 501.

communications with former employees are permissible in some circumstances, *Smith*, 87 S.W.3d at 274, and some information derived from these communications is protected by the work product doctrine, Plaintiff overstates the breadth of these cases. First, *Atchison* stated "[t]o the extent the above interrogatories seek any information regarding oral interviews of persons contacted, they seek information that is clearly protected as intangible work product." *Atchison*, 898 S.W. 2d at 553. However, nothing in *Atchison* suggests that Plaintiff does not need to inform Defendant of the fact witnesses she intends to call at trial. In fact, in *Atchison*, the defendant provided the plaintiff with the names of the witnesses interviewed and some of these individuals' accompanying statements. Accordingly, the Court directs Plaintiff to provide Defendant with a list of all known fact witnesses she intends to call at trial.

Furthermore, *Atchison* draws a distinction between tangible and intangible work product doctrine. In *Atchison*, the Court analyzed the information sought in the interrogatories as intangible work product doctrine because the plaintiff did not seek production of the actual statements. Here, however, Defendant requested the statements themselves, which would be tangible work product. In *Atchison*, the Missouri Supreme Court found that where a tangible work product privilege is claimed based on a request for the production of the actual statements, the party claiming the privilege "must make the claim expressly and identify the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the applicability of the privilege or protection." *Id*. at 554.

Here, Plaintiff has not identified the nature of the documents or communications for which she claims privilege. Thus the Court has insufficient information to determine whether the material is privileged. Because the party asserting a privilege bears the burden of establishing the privilege, *May Dept. Stores Co. v. Ryan*, 699 S.W.2d 134, 136-37 (Mo. Ct. App. 1985), the Court directs the Plaintiff to provide the Court and Defendant with the "nature of the documents, communications, or

things not produced or disclosed in a manner that, without revealing information itself privileged or protected" so that they can "assess the applicability of the privilege or protection." *Atchison,* 898 S.W. 2d at 554. If, after receiving this information, Defendant believes it is entitled to additional disclosures which Plaintiff refuses to provide, Defendant can file a motion with the Court.

Finally, the Court notes that Local Rule 37.1 anticipates that discovery disputes of this nature will be resolved through a meeting between the parties. Moving forward, the Court encourages the parties to work together to resolve these disputes without judicial intervention.

**IT IS SO ORDERED.**


Date:   March 25, 2013                             /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT